PS 8
(5/05)

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF MASSACHUSETTS

United States of America

    vs.

<u>Robert Ostrander</u>           Docket No. <u>0101 1:21CR10350-LTS</u>

### *AMENDED* PETITION FOR ACTION ON CONDITIONS OF PRETRIAL RELEASE

The undersigned U.S. Probation and Pretrial Services Officer presents this report regarding defendant Robert Ostrander , who was placed under pretrial release supervision by the <u>Honorable Judith Dein</u>, on <u>3/21/2022</u> under the following conditions:

1. Defendant's mother, Avery White, to serve as Third-Party Custodian.

2. Report to U.S. Probation and Pretrial Services as directed.

3. Travel is restricted to the Northern District of New York and the District of Massachusetts.

4. Maintain residence at 47 Duane St. St. in Regis Falls, NY and do not relocate without prior approval from U.S. Probation and Pretrial Services

5. Participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

6. The defendant is not to use or possess any illegal substance or narcotic drug as defined by 18 U.S.C. 802 unless prescribed by a licensed medical practitioner

7. Refrain from the excessive use of alcohol.

8. Submit to any testing required by the pretrial services office or the supervising officers to determine whether the defendant is using a prohibited substance. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

9. Refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any substance abuse testing or monitoring which is (are) required as a condition of release.

10. The defendant shall be required to pay for, or contribute to the cost of, the imposed monitoring and/or treatment conditions based on ability to pay. In the case of treatment

1

services, third party payment may be used, if available.

11. Avoid all contact, directly or indirectly, with any person who is or may be a victim or potential witness in the investigation or prosecution, as well as any co-defendants, unless in the presence of counsel (list to be provided by the government).

12. Address all outstanding warrants and appear as directed for all state court matters.

The defendant has been supervised by the Probation Office for the Northern District of New York, Plattsburgh, since his release from custody. On April 7, 2022, the District of Massachusetts Probation and Pretrial Services Office requested a summons in this case based upon cause as noted below. A show cause hearing has been scheduled for April 28, 2022 at 11:30AM. At this time, the Probation and Pretrial Services Office wishes to amend the request to include additional cause as bolded and italicized below.

**And respectfully seeks action by the Court and for cause as follows:**

On March 29, 2022, the Probation and Pretrial Services Office notified Your Honor that Mr. Ostrander tested positive for, and admitted to, the use of methamphetamine. The Probation and Pretrial Services Office requested no formal Court action at that time as Mr. Ostrander was taking steps to get himself into treatment and discontinue his use of illegal substances.

At this time, the Probation and Pretrial Services Office wishes to reopen the matter of the positive drug test (dated March 24, 2022) and to also notify Your Honor of the following additional violations of bail conditions:

During Mr. Ostrander's intake appointment on March 25, 2022, he was instructed to begin calling the random urinalysis testing program every evening. Since this instruction, Mr. Ostrander has only called on one occasion, March 31, 2022.

Additionally, during his intake, he was instructed to set up his voicemail on his cell phone so that the Pretrial Services Officer could maintain regular contact with him. To date, he has failed to do so.

On March 30, 2022, the Pretrial Services Officer left a message for Mr. Ostrander that he would be by the residence in the late morning of March 31, 2022 and instructed him to be home for the visit. Mr. Ostrander was not available for the morning visit, causing the Pretrial Services Officer to return late that afternoon to attempt a second visit. The Pretrial Services Officer returned to the residence at approximately 4:00PM and met with Mr. Ostrander's mother, and his mother's boyfriend. During that meeting, Mr. Ostrander walked out of his bedroom and then quickly returned. The Pretrial Services Officer followed Mr. Ostrander into his bedroom and observed Mr. Ostrander attempt to put a cover back on a box. The Pretrial Services Officer asked Mr. Ostrander what was in the box and Mr. Ostrander reluctantly opened it and began digging around inside of it. The Pretrial Services Officer observed, what appeared to be, the grip of a pistol inside of the box. The Pretrial Services Officer directed Mr. Ostrander to step back, at which time, Mr. Ostrander advised the Pretrial Services Officer that the item was a pellet gun. The Pretrial Services

2

Officer confirmed that the item was a pellet gun that was modified to look very similar to a firearm. Mr. Ostrander reported that he brought the pellet gun back to New York from Boston. While speaking with the defendant, the Pretrial Services Officer then noticed that Mr. Ostrander also had a large knife (approximately 6 inches in length) strapped to his right calf. The Pretrial Services Officer retrieved the knife and had a very serious discussion with Mr. Ostrander about the situation. Mr. Ostrander could not explain why he had the pellet gun or why he had a knife strapped to his leg prior to a visit from his Pretrial Services Officer. Mr. Ostrander was directed to remove the pellet gun from his residence that day and he has since reported it has been removed. Mr. Ostrander was also instructed to report to the Probation and Pretrial Services Office the following day.

On April 1, 2022, Mr. Ostrander reported to the Probation and Pretrial Services Office as instructed and submitted a urinalysis, which tested positive for cocaine and methamphetamine. After initially denying that he used cocaine, Mr. Ostrander admitted that he snorted approximately half a gram of cocaine on March 29, 2022. He reported that he found the cocaine in his belongings that he had brought back from Boston, MA. Mr. Ostrander was admonished and counseled regarding his sobriety. He denied any additional use of methamphetamine since using on March 23, 2022. The urine sample was forwarded to the national lab for confirmation. Mr. Ostrander was then instructed to return to the office on April 4, 2022.

On April 4, 2022, Mr. Ostrander reported to the Probation and Pretrial Services Office as instructed and submitted a urinalysis, which tested positive for cocaine. Mr. Ostrander denied using any illegal substance since his March 23, 2022. The sample was forwarded to the lab for confirmation. Mr. Ostrander was again admonished for not calling into the drug testing program and was again instructed to set up a voicemail. Lastly, the Pretrial Services Officer reminded Mr. Ostrander of his substance use assessment appointment, which is presently scheduled for April 8, 2022.

***According to the District of New York Probation and Pretrial Services Officer, Mr. Ostrander called in to the automated urinalysis testing program on April 25, 2022, and received instructions to report to their office on April 26, 2022 between the hours of 9:00AM – 3:00PM for a urinalysis. Mr. Ostrander failed to report as instructed.***

***On April 26, 2022, the District of New York Probation and Pretrial Services Officer contacted Mr. Ostrander's substance use treatment provider to obtain a status update as to his engagement in treatment. According to the provider, they have made attempts to reach out to Mr. Ostrander on several occasions since his April 8, 2022, intake in order to schedule follow-up sessions, however, he has not answered the phone or returned their calls. Attempts to leave a voicemail for Mr. Ostrander were unsuccessful as his voicemail continues to be full and not capable of receiving any additional messages.***

***On April 26, 2022, the District of New York Probation and Pretrial Services Officer made several attempts to contact Mr. Ostrander and his third-party custodian, his mother, via phone without success. As of the writing of this petition, the Probation and Pretrial Services Office has not received any follow-up contact from Mr. Ostrander.***

3

*On April 26, 2022, Mr. Ostrander failed to call in to the automated urinalysis testing program as previously instructed.*
**Petition for Action on Conditions of Pretrial Release**

PRAYING THE COURT WILL:

☐ Issue a warrant.
☐ Issue a summons for the defendant to appear for a show cause hearing.
☐ Other: Amend the original Petition dated April 7, 2022

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on: 4/27/2022      Place: Boston, Massachusetts

_/s/ Erin Hennemann_      Date: 4/27/2022
Erin Hennemann
Senior U.S. Probation Officer

ORDER OF COURT

☐ Warrant to issue.
☐ Summons to issue. Clerk to schedule show cause hearing.
X ☐ Other: the April 7, 2022 Petition is amended

Considered and ordered this **Apr 28, 2022** day of _____, 2022, and ordered filed and made part of the record in the above case.

_Judith Gail Dein_
Judicial Officer

4