UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO.: 21-cr-10350-LTS |
| | ) |
| ROBERT OSTRANDER, | ) |
| Defendant. | ) |

## MEMORANDUM REGARDING PROPOSED RELEASE PLAN

At the sentencing hearing on October, 13, 2023, the Court directed the Defendant to work with the Probation Department in this district and the Northern District of New York to develop a release plan.

Pursuant the Court's direction, the undersigned has consulted with Allan Tuli, USPO, District of Massachusetts, and Jennifer Belli, Supervisory U.S. Probation Officer, Northern District of New York. In addition, the undersigned has consulted with admissions personnel at St. Joseph's (also "St. Joe's"), a treatment facility, personnel at Franklin County Social Services, and others, and proposes the following release plan.

- Upon release, Mr. Ostrander will reside at his mother's home in St. Regis Falls, New York. While there, he will be subject to a curfew requiring him to be home from 10:00 p.m. to 6:00 a.m[1];

---

[1] Avery White, Mr. Ostrander's mother, is available to bring him home from the courthouse on November 13. Counsel for Mr. Ostrander has investigated whether it is possible to arrange for direct placement in either a treatment program such as St. Joe's, or an RRC such as the Horizon House in Albany, New York. After consultation with admissions personnel at St. Joe's and SUSPO Belli, counsel can confirm that arranging a direct placement to a treatment bed in these circumstances is not feasible, largely because Mr. Ostrander is held out of state and is currently uninsured. Direct transfer to an RRC in these circumstances is also incompatible with a time-served sentence, as the BOP will only initiate the referral process once judgment has entered.

- Mr. Ostrander will apply for Medicaid benefits at Franklin County Social Services on November 14, 2023 or at his first opportunity;

- Upon initiating his application for Medicaid, Mr. Ostrander will seek admission to St. Joseph's Addiction Treatment and Recovery Centers, 159 Glenwood Drive, Saranac Lake, NY 12983 ("St. Joe's") for a 90-day stay;

- While waiting for a bed at St. Joe's[2], Mr. Ostrander will continue to reside at his mother's home in St. Regis Falls, and will be subject to a curfew requiring him to be home from 10:00 p.m. to 6:00 a.m.;

- Once having completed the 90-day stay at St. Joe's, Mr. Ostrander will "step down" to North Country Freedom Home in Canton, New York, a sober living environment, if accepted to this facility, or other comparable and suitable residential setting as determined by Probation, for up to six months;

- Mr. Ostrander will continue to participate in outpatient substance abuse treatment as recommended by Probation;

- Once having completed the step-down phase, Mr. Ostrander may return to his mother's residence or other residence approved by Probation, and will continue in outpatient substance abuse treatment as recommended by Probation.

## Argument

At the sentencing hearing on October 13, direct placement in a treatment or other structured setting was seen as preferable for Mr. Ostrander, given the known vulnerability of individuals to relapse immediately upon release from jail or prison, and Mr. Ostrander's own prior history of relapse while on pretrial release. However, direct placement in either a treatment bed or an RRC does not appear to be feasible in the present circumstances. Given the fact that Mr. Ostrander has been abstinent in a correctional facility since June of 2022, we submit he is

---

[2] According to St. Joe's admissions, the estimated wait time for a bed is 1 to 2 weeks.

stable enough to await appropriate placement while residing at his mother's home, subject to a curfew and under Probation's supervision.

Treatment in a long term care facility such as St. Joe's is preferable to placement in an RRC in Albany or Syracuse, as such treatment programs entail an exposure to treatment of an intensity and duration that is appropriate and not possible to replicate with outpatient services. As Mr. Ostrander is essentially naive to substance abuse treatment, it is expected that such a placement will be seen as medically appropriate and provide a good foundation for him.  In addition, as discussed at the hearing, placement at an RRC in Albany or Syracuse while participating in out-patient substance abuse treatment and services may not be ideal, as Mr. Ostrander is expected to return home further upstate when the RRC period ends, and will have to discontinue treatment with local providers and start over with new ones.

Additional Conditions.

In addition to a condition of Supervised Release requiring engagement in in-patient substance abuse treatment (and subsequent residence in a sober living environment) for a period of up to six-months consistent with this release plan, Mr. Ostrander, after consultation with SUSPO Belli, requests the Court include the following additional conditions in the Judgment. These conditions are standard or preferred in the Northern District of New York, and Mr. Ostrander assents to their inclusion in the Judgment.

Requested Conditions:

NDNY Standard Condition No. 14 (financial information)

1. You must provide the probation officer with access to any requested financial information. [NDNY Standard Condition No. 14]

<u>NDNY Standard Condition No. 15 (warrantless search)</u>

2. You must submit your person, and any property, house, residence, vehicle, papers, effects, computer, electronic communications devices, and any data storage devices or media, to search at any time, with or without a warrant, by any federal probation officer, or any other law enforcement officer from whom the Probation Office has requested assistance, with reasonable suspicion concerning a violation of a condition of probation or supervised release or unlawful conduct by you.  Any items seized may be removed to the Probation Office or to the office of their designee for a more thorough examination.

<u>NDNY Special Condition: Substance abuse program participation</u>

3. You must participate in a program for substance abuse which will include testing for use of controlled substances, controlled substance analogues, and alcohol. This may include outpatient treatment as recommended by the treatment provider based upon your risk and needs. You may also be required to participate in inpatient treatment upon recommendation of the treatment provider and upon approval of the Court. The probation office must approve the location, frequency, and duration of outpatient treatment. You must abide by the rules of any treatment program which may include abstaining from the use of any alcohol.

<u>NDNY Special Condition: Contribution to cost of treatment (sliding scale)</u>

4. You must contribute to the cost of any evaluation, testing, treatment and/or monitoring services rendered in an amount deemed reasonable according to the sliding scale co-payment schedule approved by the Court and utilized by the U.S. Probation Office. You must also cooperate with securing any available third party payments as directed.

<u>Mandate Letter</u>

In consultation with St. Joe's staff and SUSPO Belli, Mr. Ostander requests the Court sign the attached order.  Such an order or "mandate" is intended to permit Medicaid in New York to authorize payment for a longer than 28-day stay, which is otherwise the maximum length of stay that will be covered.

ROBERT OSTRANDER,
By his attorney:

*/s/ Ian Gold*
Ian Gold
B.B.O. # 665948
Law Office of Ian Gold
185 Devonshire Street, Suite 302
Boston, MA 02110

November 7, 2023

## CERTIFICATE OF SERVICE

I, Ian Gold, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on Nov. 7, 2023.

*/s/ Ian Gold*